

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-3894

Re: After an official, compensated under the fee system has failed to file his monthly expense account and has not been allowed an assistant or clerk at any time during the year 1941 by the commissioners' court, can the commissioners' court allow this deduction which is set out in the form of an affidavit and presented after his annual report has been filed with the district clerk, which did not mention anything as office expense, and enter an order allowing this expense to be deducted from his excess due the county?

Your letter of March 13, 1942, requesting the opinion of this department on the above stated question reads in part as follows:

"On February 16th 1942, R. L. Callaway, Justice of Peace Precinct No. 3, Place 2, Harrison County, filed his annual report with the District Clerk of Harrison County, Texas, a copy of which was given to my office by the District Clerk, showing various fees earned and collected for the year 1941, and fees earned and uncollected for the year 1941. The report shows that the total current fees collected was more than $1800.00, the maximum fees allowed under Articles 3883-3883d, the report showing an excess due the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

county. This annual report which was filed on February 18th 1942 does not list any expenses incurred by the office. This official did not file any monthly expense account as required by Article 3899, supra, by making an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office at the close of each month of his tenure of office. This official was not allowed a clerk, or assistant by the Commissioners' Court of Harrison County at the beginning of the year, nor am I aware of any application that was made asking for a clerk or assistant for the Justice of the Peace. The minutes of the Commissioners' Court shows that there was no order entered allowing this assistant or clerk at the beginning of the year 1941, or at any time during the year 1941. As County Auditor, I carefully checked over his annual report for the year 1941, as required by law, and wrote him a letter on March 5th, 1942, giving him the benefit of my findings, which showed that he owed the county as excess fees $176.18, which is excess fees for the year 1941 and includes $2.35 in a case where he failed to list as delinquent in his annual report for the year 1940 and collected same in 1941 (Articles 3892-3897, R.C.S.). As County Auditor I have not made my formal report of my findings in the various annual reports of the officials, both county and precinct, to the Grand Jury and to the Commissioners' Court. At the first meeting of the Commissioners' Court, which was on March 9th 1942, which was the first meeting after the Justice of Peace had filed his annual report (the same being a regular meeting of the court) the Justice of the Peace presented an affidavit executed by himself, setting forth the fact that during the year 1941 he had paid to S. A. Innerarity, as clerk hire, the sum of $240.00 and in addition thereto he had paid $10.00 for an official bond - premium on the surety bond, I feel sure -, making a grand total of $250.00 which he claims was paid by him from fees of office. He is now asking the Commissioners' Court to allow this sum as a deduction in his annual report and allow him this clerk hire

as an office expense for the year 1941, together with the premium on the surety bond. As stated above, the official did not file any monthly expense accounts at any time during the year 1941, nor did he include any of this expense in his annual report filed with the District Clerk on February 18, 1942. I have before me an opinion, addressed to the County Auditor, Bell County, being opinion O-399, dated February 29th 1940, . . . bearing on this same inquiry, but feel the facts in my inquiry are somewhat different. Also am confused somewhat after reading a decision handed down in the case of State of Texas vs. Carnes (Civil Appeals) 106 S. W. (2d) 397, also a decision bearing on this subject handed down in the case of Cameron County vs. Fox (Tex. Comm. App.) 61 S. W. (2d) 483. These cases involve suits by the county against officials claiming certain deductions as office expense in their annual reports and not set up in monthly expense accounts. At the meeting on Monday, March 9th 1942, the Commissioners' Court did not pass on the affidavit and application of the Justice of the Peace to allow him this deduction from his excess fees, but made some inquiry about their legal authority to allow same at this time. In other words the matter was not acted upon. I want to add here that the correctness of the affidavit, setting forth the amount of money paid out by the Justice of the Peace as clerk hire and the amount paid as premium on surety bond is not questioned, because it is a known fact that the clerk, or assistant, actually performs some duties for the Justice of the Peace, and records show that a surety bond was executed by the Justice of the Peace in January 1941.

"QUESTION NO. ONE: After an official, compensated under the fee system, has failed to file his monthly expense account, and who had not been allowed an assistant, or clerk, at any time during the year 1941 by the Commissioners' Court, can

Honorable Charles R. Martin, Page 4

the Commissioners' Court allow
this deduction which is set out
in the form of an affidavit and
presented after his annual re-
port has been filed with the
District Clerk, which did not
mention anything as office ex-
pense, and enter an order al-
lowing this expense to be de-
ducted from his excess due the
county?

". . . ."

Article 3896, Vernon's Annotated Civil Statutes
reads as follows:

"Each district, county and precinct officer
shall keep a correct statement of all fees earned
by him and all sums coming into his hands as de-
posits for costs, together with all trust funds
placed in the registry of the court, fees of of-
fice and commissions in a book or in books to be
provided him for that purpose, in which the offi-
cer, at the time when such deposits are made or
such fees and commissions are earned and when any
or all of such funds shall come into his hands,
shall enter the same; and it shall be the duty
of the county auditor in counties having a county
auditor to annually examine the books and accounts
of such officers and to report his findings to the
next succeeding grand jury or district court. In
counties having no county auditor, it shall be the
duty of the Commissioners' Court to make the ex-
amination of said books and accounts or have the
same made and to make report to the grand jury as
hereinabove provided. (As amended Acts 1935, 44th
Leg., 2nd C. S., p. 1762, ch. 465, § 6.)"

Article 3897, Vernon's Annotated Civil Statutes
provides:

"Each district, county and precinct officer,
at the close of each fiscal year (December 31st)

shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office. . . ." (Emphasis ours)

Article 3898, Vernon's Annotated Civil Statutes provides:

"The fiscal year, within the meaning of this Act, shall begin on January 1st of each year; and each district, county and precinct officer shall file his report and make the final settlement required in this Act not later than February 1st of each year; provided, however, that officers receiving an annual salary as compensation for their services shall, by the close of each month, pay into the Officers' Salary Fund or funds, all fees, commissions and compensation collected by him during said month. Whenever such officer serves for

a fractional part of the fiscal year, he shall
nevertheless file his report and make final settle-
ment for such part of the year as he serves and
shall be entitled to such proportionate part of
his compensation as the time for his service bears
to the entire year. . . ."

Paragraph (e) of Article 3899, Vernon's Annotated
Civil Statutes provides in part:

"(a)  At the close of each month of his tenure
of office each officer named herein who is compen-
sated on a fee basis shall make as part of the re-
port now required by law, an itemized and sworn
statement of all the actual and necessary expenses
incurred by him in the conduct of his office, such
as stationery, stamps, telephone, premiums on offi-
cials' bonds, including the cost of surety bonds
for his Deputies, premium on fire, burglary, theft,
robbery insurance protecting public funds, travel-
ing expenses and other necessary expenses; provided,
that in addition to the officers named herein,
the county treasurer, county auditor, county road
commissioners, county school superintendent, and
the hide and animal inspector shall likewise make
a report on the premiums on officials' bonds, in-
cluding the cost of surety bonds for any deputies,
and said premiums shall be subject to payment out
of the fees of said office, as herein otherwise
provided for the officers named; and provided
further that if any of the officers so designated
are on a salary rather than a fee basis, then all
such bond premiums for officers and their deputies
shall be paid from the General Fund of the county.
. . . The amount of salaries paid to assistants
and deputies shall also be clearly shown by such
officer, giving the name, position, and amount
paid each; and in no event shall any officer show
any greater amount than actually paid any such
assistant or deputy. . . ."

In connection with your inquiry we have carefully
considered the cases of State of Texas vs. Carnes, 106 S. W.

(2) 397 and Cameron County vs. Fox, 61 S. W. (2) 483 and do not think that either of these cases govern or control the question under consideration. We do not think the rule laid down in Cameron County vs. Fox, supra, is applicable here. There the tax collector, without previous authority, employed and paid salaries to deputies, the items being reported in his account, which was audited and approved by the Commissioners' Court. In the case of State vs. Carnes, supra, the sheriff did not strictly comply with the statute regulating the appointment of deputies and fixing their compensation, but the expenditures for deputies had been included in the annual report which was approved by the Commissioners' Court. Under the facts stated in your letter, as quoted above, the Justice of the Peace did not make any itemized and sworn monthly statement of the actual and necessary expenses incurred by him in the conduct of his office required by law. In his annual report, the Justice of the Peace did not show or include any expenses incurred by him in the conduct of his office. It will be further noted that the annual report was not filed within the time required by Article 3897, supra. Construing Article 3897, supra, in the case of Nacogdoches County vs. Winder, 140 S. W. (2) 972, quoting from the case of Whitfield vs. Terrell Compress Co., 62 S. W. 116, 118, writ refused, where a statute of similar purpose was construed, said,

"In actions to recover a penalty, strictness of pleading and proof is required. The Act under consideration is highly penal in its character and it is only for a wilful disregard of the law that its penalty should be inflicted."

In the case of Pierson, Justice of the Peace, et al vs. Galveston County, 131 S. W. (2) 27, referring to Article 3899, Vernon's Annotated Civil Statutes, it was held, among other things, that the purpose of the statute requiring county officials to make a monthly statement of expenses incurred in the conduct of their offices was to provide a means of ascertaining the correctness of such expense items each month as they are incurred and that the actual expenses paid or incurred by such officers constitute the measure of the official's right to recoupment from the county. This case further holds that a Justice of the Peace was not entitled to recover from the county items of expense claimed

for postage, traveling expenses, and messenger service during certain years while in office, where the Justice did not render monthly statements of such expenses as required by statute, but merely filed annual reports estimating the expenses in lump sum amounts. This case also further holds that the statute requiring county officers to make a monthly statement of expenses incurred in the conduct of their offices cannot be evaded by giving yearly estimates of expenses in lump sum amounts.

Referring to Article 3899, supra, we quote from the above mentioned case as follows:

"The manifest purpose of this statute was to provide a means of ascertaining the correctness of expense items each month as they are incurred. The actual expenses paid or incurred constitute the measure of the official's right to recoupment. The monthly itemization is for the protection of the county by affording a means of ascertaining the fact and amount of such claimed item of expense and whether it was properly chargeable as such. It is manifest from the annual reports and confirmed by the evidence that these expenses were merely estimated and a lump sum given each year. The statute would be of no value if its salutory provisions could be evaded in this manner. . . ."

The authorized expenses which may be deducted under Article 3899, supra, are such expenses as are enumerated therein, and an officer to be entitled to make such deductions must comply with Article 3899, supra, by making an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office at the close of each month of his tenure of office. As above stated, only those expenses which are authorized under the statute can be deducted. From the facts stated in your letter, the Justice of the Peace did not make an itemized and sworn monthly statement of the expenses incurred by him in the conduct of his office as required by Article 3899. It is further stated that the Justice of the Peace did not include any expenses incurred by him in the conduct of his

office in his annual report which is required to be filed by Article 3897, supra. Therefore, we think, that the opinion of the Court in the case of Pierson, Justice of the Peace, et al vs. Galveston County, supra, answers your question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 26, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:mp